BOYD, Justice.
Three cities and a town filed suit under section 125.01(6), Florida Statutes (1975), which implements article VIII, section 1(h), Florida Constitution, against the appellant Sarasota County. The municipalities were seeking relief from the levy of taxes allegedly used to finance services which were of no real or substantial benefit to residents or property of the incorporated areas of the county. The Sarasota County Circuit Court held for the plaintiffs, directing creation of two major taxing districts, and set the millage assessments for the districts. On appeal and cross appeal the Second District Court of Appeal reversed and remanded, holding that the trial court did not have authority to create the two taxing districts. The district court also instructed the trial court to determine whether “any challenged service was a ‘municipal service’ financed by county-wide revenue of no real or substantial benefit to the municipalities . . .” Sarasota County v. Town of Longboat Key, 353 So.2d 569, 572 (Fla. 2d DCA 1977). If so, the trial court was to direct the county to establish an appropriate financing plan for this service. The county was also to be required to reimburse the municipalities for an appropriate portion of the cost of the service from the time it was identified by the filing of the resolution, until the corrective financing plan is established. An appeal and a request for a writ of certiorari were taken to this Court. We have jurisdiction over these consolidated cases under article V, section 3(b)(1), Florida Constitution.
The district court’s order is in conflict with the principles of dual taxation which were articulated in our recent decision in Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla.1978). As stated in that opinion, the trial court may use its equity powers to enforce the statutory remedy but there is no authority under the Florida Constitution, Florida Statutes, or case law which can support a money judgment against a county because of dual taxation of past years.
The case is thus reversed in part and remanded to the district court with directions that it remand to the trial court: (1) to determine whether there are services rendered which are exclusively for the benefit of residents or property in unincorpo--rated areas; (2) to vacate its order requiring the county to establish two major taxing districts; and (3) for further proceedings consistent with this opinion and with the principles announced in Manatee County v. Town of Longboat Key.
In light of this disposition of the case, we will not pass on the evidence questions urged by the parties.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.